UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MASSENGALE,<br><br>                     Plaintiff,<br><br>              v.<br><br>KENNETH R. GREEN, JR., *et al*.<br><br>                     Defendants. | Case No. 1:24-cv-00065-NODJ-CDB<br><br>ORDER GRANTING REQUEST TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 3) |

Plaintiff Kevin Massengale ("Plaintiff") is a former detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff initiated this action with the filing of a complaint in the United States District Court for the Central District of California on December 19, 2023. *Id*. That same day, Plaintiff filed the instant request to proceed *in forma pauperis* (IFP) with declaration in support thereof. (Doc. 3).

On January 11, 2024, the action was transferred to this Court because venue is proper in the Eastern District of California given Plaintiff's allegations involving acts that occurred in the County of Kern. (Docs. 1, 5-6).

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28

---

[1] The required fee includes a $350 filing fee and a $55 administrative fee, as of December

1  U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only
2  if he or she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v.*
3  *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to
4  proceed without full prepayment of fees to file an affidavit that includes a statement of all assets
5  possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234
6  (9th Cir. 2015).

7  "Unlike other indigent litigants, prisoners proceeding *in forma pauperis* must pay the full
8  amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform
9  Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1); *Taylor*
10 *v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002)). As defined by the PLRA, a "prisoner" is "any
11 person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or
12 adjudicated delinquent for, violations of criminal law or the terms and conditions of parole,
13 probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

14 However, persons who file suit after having been released from custody are no longer
15 "prisoners" as defined by the PLRA and are therefore not subject to 28 U.S.C. § 1915(b), 42
16 U.S.C. § 1997e(a)'s pre-suit administrative exhaustion requirements, or 28 U.S.C. § 1915(g)'s
17 "three-strikes" provision. *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person
18 confined under California's Sexually Violent Predator Law, while a "a 'prisoner' within the
19 meaning of the PLRA when he served time for his conviction, [ ] ceased being a 'prisoner' when
20 he was released from the custody of the Department of Corrections"); *Jackson v. Fong*, 870 F.3d
21 928, 934-35 (9th Cir. 2017) (former prisoner incarcerated when he filed his civil rights action but
22 released by the time he filed an amended complaint was not subject to the PLRA's exhaustion
23 requirement); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) (noting
24 that § 1915(g)'s three-strikes rule does not apply to a civil action of appeal filed after former
25 prisoner was released on parole).

26 Plaintiff does not appear to have been a "prisoner" as defined by the PLRA at the time he
27 filed this action. A review of the complaint reveals Plaintiff asserts that at some point Defendants
28

---

1, 2023.

2

1 | Kenneth R. Green, Jr., Judy J. Rogers, and Arturo Revelo conspired together to deprive him of his
2 | freedom.  *See generally* (Doc. 1).  When Plaintiff filed his complaint and application to proceed
3 | *in forma pauperis*, it appears he was no longer in custody because he provides a residential
4 | address in Victorville, California, on the face of the complaint.  *Id*. at 2; *see* (Doc. 3 at 2)
5 | (indicating Plaintiff's *in forma pauperis* request was completed on December 17, 2023, in Los
6 | Angeles County).  Therefore, neither the filing fee provisions of 28 U.S.C. § 1915(b), nor §
7 | 1915(g)'s "three strikes" bar apply to this case.  *See Andrews v. King*, 398 F.3d 1113, 1122 (9th
8 | Cir. 2005) ("[T]he scope of § 1915 is narrowed to plaintiffs who are in custody as the result of a
9 | conviction or who have been detained for an alleged criminal law violation").

10 | The Court finds Plaintiff has made the showing required by § 1915, and the request to
11 | proceed *in forma pauperis* shall be granted.

12 | As to the status of the complaint, Plaintiff is advised that pursuant to 28 U.S.C. §
13 | 1915(e)(2), the Court must conduct an initial review of every pro se complaint by a plaintiff
14 | proceeding *in forma pauperis* to determine whether it is legally sufficient under the applicable
15 | pleading standards.  The Court must dismiss a complaint, or portion thereof, if the Court
16 | determines that the complaint is legally frivolous or malicious, fails to state a claim upon which
17 | relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.
18 | 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to
19 | amend may be granted to the extent that the deficiencies in the complaint can be cured by
20 | amendment. Plaintiff's complaint will be screened in due course.  If appropriate after the case has
21 | been screened, the Clerk of Court will provide Plaintiff with the requisite forms and instructions
22 | to request the assistance of the United States Marshal in serving Defendants pursuant to Federal
23 | Rule of Civil Procedure 4.

*Remainder of This Page Intentionally Left Blank*

Based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* (Doc. 3) is GRANTED.

Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated:   **February 6, 2024**

UNITED STATES MAGISTRATE JUDGE