1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEVIN MASSENGALE,                        Case No. 1:24-cv-00065-KES-CDB

12            Plaintiff,                      FINDINGS AND RECOMMENDATIONS TO
                                              DISMISS PLAINTIFF'S COMPLAINT WITH
13        v.                                  PREJUDICE AND WITHOUT LEAVE TO
                                              AMEND
14   KENNETH R. GREEN, JR. *et al*.,

15            Defendants.                     (Doc. 1)

16                                            **21-DAY DEADLINE**

17

18        Plaintiff Kevin Massengale ("Plaintiff") is proceeding pro se and *in forma pauperis* in this

19   civil rights action pursuant to 42 U.S.C. § 1983.  (Docs. 1, 8).  Plaintiff originally filed his

20   complaint in the United States District Court for the Central District of California on December

21   19, 2023.  (Doc. 1).  The action was transferred to this Court on January 16, 2024, as venue is

22   proper in the Eastern District of California.  (Docs. 5-6).

23   **Screening Requirement**

24        Plaintiff, who is proceeding without counsel in this action, was granted status to proceed

25   *in forma pauperis* in this action.  (Doc. 8).  *See* 28 U.S.C. § 1915(a) (authorizing the

26   commencement of an action "without prepayment of fees or security" by a person who is unable

27   to pay such fees).  However, the determination that a plaintiff may proceed without payment of

28   fees does not complete the Court's inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2)(B), federal courts

1   must screen *in forma pauperis* complaints and dismiss any case that is "frivolous or malicious,"

2   "fails to state a claim on which relief may be granted" or seeks monetary relief against an immune

3   defendant.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) ("[S]ection

4   1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to

5   state a claim.").

6          A complaint must contain "a short and plain statement of the claim showing that the

7   pleader is entitled to relief…"  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

8   required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

9   conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

10  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may be dismissed as a matter

11  of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2)

12  insufficient facts under a cognizable legal theory.  *See Balisteri v. Pacifica Police Dep't*, 901 F.2d

13  696, 699 (9th Cir. 1990).

14         Pleadings by self-represented litigants are to be liberally construed.  *See Haines v. Kerner*,

15  404 U.S. 519, 520-21 (1972).  However, "the liberal pleading standard . . . applies only to a

16  plaintiff's factual allegations," not his legal theories.  *Neitzke v. Williams*, 490 U.S. 319, 330 n .9

17  (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential

18  elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d

19  1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not

20  required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681

21  (9th Cir. 2009) (internal quotation marks & citation omitted).

22  **Plaintiff's Allegations**

23         The Undersigned accepts Plaintiff's allegations as true only for the purpose of the *sua*

24  *sponte* screening requirement under 28 U.S.C. § 1915.

25         On August 31, 2023, Plaintiff was arrested by Officer John Menser of the Kern County

26  Sheriff's Department on a bench warrant for a failure to appear misdemeanor.  (Doc. 1 at 19).

27  Later that same day, Magistrate Judge Kenneth Pritchard determined there was probable cause to

28  believe the arrestee had committed a crime.  *Id.*

1         That same day, Plaintiff claims he made a "special visitation" to the Kern County Superior

2    Court, Mojave Division related to a failure to appear misdemeanor from 2006 on behalf of the

3    "Kevin Massengale estate."  (Doc. 1 at 8).  Defendant "Magistrate Trustee Kenneth R. Green Jr."

4    (hereinafter "Judge Green") called the failure to appear case and Plaintiff introduced himself as

5    "Beneficiary the Authorized Representative."  *Id*.  Judge Green told Plaintiff he could not

6    represent himself without a bar number and asked him again if he was "Kevin Massengale."  *Id*.

7    at 9.  Plaintiff "repeatedly" claimed he was the "beneficiary the authorized representative."  *Id*.

8    Judge Green then impaired Plaintiff from representing his "legal person."  *Id*.  Further, Judge

9    Green claimed Kevin Massengale had failed to appear, placed a $50,000 bench warrant on

10   Plaintiff, and told the bailiff to lock Plaintiff up.  *Id*.

11        Thereafter, Plaintiff was detained for a week in a Kern County detention facility.  *Id*. at

12   10.  On September 7, 2023, Plaintiff was brought back before the Superior Court and told he

13   would "have to do 60 days in jail for a violation of probation."  *Id*.  Plaintiff asserts he told the

14   court he did not understand the charges because he already "suffered these charges" and

15   completed counseling.  *Id*. at 10-11.  Defendants Arturo Revelo ("Revelo"), a public defender

16   purportedly assigned to Plaintiff, and Defendant Judy Rogers ("Rogers"), a district attorney,

17   recommended Plaintiff "see a psychic" [*sic*].  *Id*. at 11.  Thereafter, Judge Green sentenced

18   Plaintiff to 60 days for his "expired [failure to appear] misdemeanor from 2006."  *Id*.

19        Plaintiff was then sent to Kern County Sheriff Detention Facility in Bakersfield,

20   California.  *Id*. at 12.  A sheriff booked Plaintiff and he received a "photo identification wristband

21   with [his] personal information and name printed on it as Massengale Kevin not 'Kevin

22   Massengale.'"  *Id*.  Plaintiff appears to claim his surname and given name is his lawful name and

23   Judge Green "unlawfully imprisoned" him for stating this in court.  *Id*. at 12-13.  Plaintiff also

24   received from the sheriff a copy of the "Kern County-Arietis" signed by Officer Mesner and

25   Judge Pritchard.  *Id*. at 13.  Plaintiff claims the "Arietis" contained fraudulent information that

26   was used to incriminate and prosecute him.  *Id*.  Plaintiff asserts while in custody he was not

27   provided his proper diet, despite filing multiple requests and grievances.  *Id*. at 15, 20-21.

28

1    Plaintiff claims he was prohibited from purchasing any proper food for his diet from the store and

2    had no option but to eat the food he was provided or starve.  *Id*. at 15.

3          On December 19, 2023, Plaintiff filed the operative complaint.  *Id*.  Plaintiff argues

4    Defendants Judge Green, Revelo, and Rogers (hereinafter collectively "Defendants") deprived

5    him of his constitutionally protected rights while acting in their individual and official capacities.

6    *Id*. at 2-3, 5, 11.  Specifically, Plaintiff alleges Defendants violated his Fourth, Fifth, Sixth,

7    Eighth, Ninth, and Tenth Amendment rights, and the Supremacy Clause.  *Id*.  Next, Plaintiff

8    claims Defendants caused genocide, extortion, slavery, and engaged in Racketeer Influenced and

9    Corrupt Organizations Act ("RICO") activities, conspiracy, kidnapping, wrongful imprisonment,

10   and starvation.  *Id*. at 4-5.  Plaintiff also appears to assert a breach of contract claim against Judge

11   Green for violating his oath of office.  *Id*. at 23.

12         Plaintiff claims he suffered a "detrimental set back," sickness, emotional distress, stress,

13   duress, and trauma from Defendants' actions.  *Id*. at 4-5.  Plaintiff requests "one million lawful

14   dollars for each day [he] was unlawfully held against [his] will."  *Id*. at 6.  Plaintiff asks for

15   diplomatic immunity and recognition "as the holder of the United States debtor legal persons

16   account, and not the Ens Legis itself."  *Id*.  Plaintiff asks he be identified as an Aboriginal

17   Indigenous to America and native to the Republic of California.  *Id*.  Lastly, Plaintiff asks all

18   charges and convictions against his "legal person" be dismissed and expunged.  *Id*.

19   **Discussion**

20   A.  Frivolousness/Lack of Subject Matter Jurisdiction

21         As previously discussed (*supra* 1-2), under § 1915, the Court must dismiss the case if the

22   action is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B).  The Court lacks subject matter

23   jurisdiction over frivolous cases.  *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83,

24   89 (1998) (holding federal courts lack subject matter jurisdiction to consider claims that are "so

25   insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely

26   devoid of merit as not to involve a federal controversy."); *Grancare, LLC v. Thrower by &*

27   *through Mills*, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and

28

4

1   frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal

2   question jurisdiction).

3         A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke*,

4   490 U.S. at 325. A court may dismiss a claim as frivolous where it is based on an indisputably

5   meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327; *Denton v.*

6   *Hernandez*, 504 U.S. 25, 33 (1992); Fed. R. Civ. P. 12(h)(3). "[T]he frivolousness determination

7   is a discretionary one" for the court. *Denton*, 504 U.S. at 33.

8         Here, although presented in terms of various constitutional, federal, and common law

9   violations (*supra* 4), Plaintiff's complaint is "replete with legal-sounding but meaningless

10  verbiage commonly used by adherents to the so-called sovereign-citizen movement." *United*

11  *States v. Wunder*, No. 16-9452 (ES) (MAH), 2019 WL 2928842, at *5 (D. N.J. Jul. 8, 2019).

12  While many various sub-groups and ideologies may fall under the sovereign-citizen umbrella, the

13  overarching unifying principle is the belief that, even though they physically reside in this

14  country, the state and/or federal governments lack constitutional legitimacy and therefore have no

15  authority to regulate their behavior. *Caetano v. Internal Revenue Serv.*, No. 1:22-cv-00837-JLT-

16  SAB, 2023 WL 3319158, at *2 (E.D. Cal. May 9, 2023) report and recommendation adopted,

17  2023 WL 4087634 (E.D. Cal. Jun. 20, 2023); *Gravatt v. U.S.*, 100 Fed. Cl. 279, 282 (Fed. Cl.

18  2011); *La Vell Harris v. Cnty. Of Lake*, No. 20-cv-09329-RMI, 2021 WL 2170138, at *1 (N.D.

19  Cal. May 10, 2021) report and recommendation adopted. *Harris v. Cnty. of Lake*, No. 20-cv-

20  09329-HSG, 2021 WL 2170135 (N.D. Cal. May 25, 2021), appeal dismissed, No. 21-16054,

21  2022 WL 17847243 (9th Cir. Nov. 18, 2022).

22        Here, all of Plaintiff's claims arise from the contention that he was wrongly forced to

23  appear and participate in proceedings before Defendant Judge Green and was detained because of

24  those proceedings. (Doc. 1 at 4-5, 8-12, 14, 16). Plaintiff repeatedly refers to himself as

25  Massengale, Kevin, a beneficiary or authorized representative of the Kevin Massengale estate.

26  *Id*. While Plaintiff does not expressly state that he is a "sovereign citizen," the Court finds

27  Plaintiff's allegations, explanations, and exhibits are all demonstrative of the fact that his claims

28  are rooted in the sovereign citizen ideology. *See generally* (Doc. 1); *see Vasquez v. Cal. Highway*

1    *Patrol*, No. 2:15-cv-756-JAM-EFB (PS), 2016 WL 232332, at *2 (E.D. Cal. Jan. 19, 2016)

2    (explaining "sovereign citizen" ideology); *Garcia v. Cnty. of Bucks*, No. 17-3381, 2018 WL

3    3585086, at *2, n.3 (E.D. Cal. Jul. 25, 2018) (sovereign citizen plaintiff's preferred signature on

4    court documents is a red thumbprint); *Pouncey v. Bryant*, No. 4:23-cv-03215-RBH, 2023 WL

5    5548591, at *2, n. 3 (D.S.C. Aug. 29, 2023).

6         Courts have repeatedly held sovereign citizen arguments are meritless. *Mackey v. Bureau*

7    *of Prisons*, No. 1:15-cv-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. Jun. 14, 2016);

8    *Bendeck v. U.S. Bank Nat'l Ass'n*, No. 17-00180 JMS-RLP, 2017 WL 2726692, at *5 (D. Haw.

9    Jun. 23, 2017); *Williams v. Scheingart*, No. C 15-3013 MMC, 2015 WL 7351388, at *1 (N.D.

10   Cal. Nov. 20, 2015).  Therefore, Plaintiff's claims based on this frivolous legal theory must be

11   dismissed.

12   B.  Failure to State a Claim

13        Notwithstanding the finding that the entire complaint should be dismissed as frivolous, the

14   Court should find that even under a liberal construction of Plaintiff's complaint, the complaint

15   fails to state a cognizable claim.

16        To state a claim under § 1983, a plaintiff is required to show that (1) each defendant acted

17   under color of state law and (2) each defendant deprived him of rights secured by the Constitution

18   or federal law.  *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing

19   *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th 2006)); *West v. Atkins*, 487 U.S. 42, 48

20   (1988).  This requires the plaintiff to demonstrate that each defendant personally participated in

21   the deprivation of his rights.  *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009);

22   *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007).

23        A public defender acts as an advocate for their client and is not considered to be acting

24   under color of state law for § 1983 purposes, nor are attorneys appointed by the court to represent

25   a defendant in place of the public defender.  *See Georgia v. McCollum*, 505 U.S. 42,53 (1992);

26   *Polk Cnty. v. Dodson*, 454 U.S. 312, 320-25 (1981).  Therefore, Plaintiff cannot state a claim

27   under § 1983 that Defendant Revelo, his defense attorney, conspired to and violated his

28   constitutional rights.

1      Next, Defendant Judge Green is entitled to judicial immunity or "quasi-judicial" immunity

2  against any constitutional claims filed under 42 U.S.C. § 1983.  The Supreme Court has explained

3  this immunity by reasoning that "a judicial officer, in exercising the authority vested in him, shall

4  be free to act upon his own convictions, without apprehension of personal consequences to

5  himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871).  A judge's errors should be corrected on

6  appeal, not by subsequent civil litigation because civil liability "would contribute not to

7  principled and fearless decision making but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554

8  (1967); *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (per curiam).  In fact, judicial

9  immunity is so firmly grounded in jurisprudence that it cannot be defeated by procedural error or

10  malicious, biased, or controversial actions.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (malicious

11  action does not defeat judicial immunity); *Stump v. Sparkman*, 435 U.S. 349, 359, 363-64 (1978)

12  (procedural error does not defeat judicial immunity); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th

13  Cir. 1986) (en banc) (conspiracy and bribery do not defeat judicial immunity); *see Whole*

14  *Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (state-court judges and state-court clerks are

15  immune from suit in federal court under the Eleventh Amendment).  Quasi-judicial immunity also

16  applies to defendants who are not judges but are government officials who play an integral part in

17  the implementation of the judicial function.  *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429,

18  435 (1993).

19      There are two exceptions to judicial immunity: (1) allegations arising from "actions not

20  taken in the judge's judicial capacity," and (2) judicial actions taken "in the complete absence of

21  all jurisdiction."  *Mireles*, 502 U.S. at 11-12; *In re Complaint of Judicial Misconduct*, 366 F.3d

22  963, 965 (9th Cir. 2004).  A judge acting in "excess of his jurisdiction" still receives immunity

23  "so long as the acts themselves were judicial."  *Rosenthal v. Justices of the Supreme Ct. of Cal.*,

24  910 F.2d 561, 565-66 (9th Cir. 1990) (citing *Stump*, 435 U.S. at 355-57).

25      Here, Plaintiff's allegations against Judge Green all stem from actions he took within the

26  ambit of his judicial capacity and therefore immunity attaches.  *See* (Doc. 1 at 4) ("violated my

27  constitutional rights with no remedy by charging me for a civil action that I was once put in

28  jeopardy for, to force me to repeat this conviction process all over again.").  Furthermore, neither

7

1    of the exceptions to immunity apply here.  As noted, the first exception does not apply because

2    Plaintiff exclusively challenges Judge Green's judicial actions.  The second exception, a

3    purported lack of jurisdiction, is also inapplicable here.  The instant complaint is premised on

4    Plaintiff's arguments that the state court lacks jurisdiction over "Massengale Kevin" and that he is

5    being sentenced for a misdemeanor violation he already served time.  As discussed above, these

6    arguments, based on sovereign citizen ideology, are frivolous.  Accordingly, Judge Green is

7    entitled to immunity.

8           Defendant Rogers is also entitled to immunity.  It is well established that a prosecutor

9    enjoys absolute immunity from suits for damages when he acts within the scope of his

10   prosecutorial duties.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976) (applying immunity

11   to federal and state claims).  Absolute immunity turns on the function of the conduct, not

12   "whether it was lawful."  *Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993); *cf. Torres v.*

13   *Goddard*, 793 F.3d 1046, 1053 (9th Cir. 2015) (preparing and filing a motion for an arrest

14   warrant).  Moreover, suits against California district attorneys who are acting in a prosecutorial

15   capacity are considered suits against California.  *Del Campo v. Kennedy*, 517 F.3d 1070, 1073

16   (9th Cir. 2008).  The Eleventh Amendment bars suits by citizens against their own state.

17          Like Defendants Revelo and Judge Green, Plaintiff's claims against Defendant Rogers

18   revolve around his arrest and the hearings over his failure to appear for a misdemeanor and

19   subsequent violation of probation hearings.  Therefore, the Undersigned finds immunity would

20   attach to Defendant Rogers because Plaintiff's claims all arise from actions Defendant Rogers

21   took with respect to Plaintiff's criminal case.

22          To the extent Plaintiff seeks to hold Defendants liable for various criminal acts, Plaintiff is

23   advised no private right of action to assert violations of criminal statutes exists.  *See Aldabe v.*

24   *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding specific criminal provisions in the United

25   States Code "provide no basis for civil liability"); *Ellis v. City of San Diego*, 176 F.3d 1183, 1189

26   (9th Cir. 1999) ("sections of the California Penal Code…do not create enforceable individual

27   rights").  Unless there is a clear congressional intent to provide a civil remedy, a plaintiff cannot

28   recover civil damages for an alleged violation of a criminal statute.  *Federal Sav. & Loan Ins.*

1   *Corp. v. Reeves*, 816 F.2d 130, 138 (4th Cir. 1987) (where there is no affirmative indication that

2   Congress intended to furnish a civil remedy, no civil cause of action exists).

3          Plaintiff fails to state a claim for conspiracy against Defendants.  A claim of conspiracy

4   requires specific factual allegations showing two or more persons intended to accomplish an

5   unlawful objective to cause a plaintiff harm and took some concerted action in furtherance

6   thereof.  *See Gilbrook v. City of Westminster*, 177 F.3d 839, 859-61 (9th Cir. 1999).  Thus, the

7   plaintiff must explicitly allege an agreement between two or more defendants to deprive him of a

8   constitutional right and conclusory allegations of conspiracy are insufficient to state a section

9   1983 claim.  *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam).  Conclusory

10   allegations of conspiracy are not enough to support a section 1983 conspiracy claim.  *Id*.  An

11   "agreement or meeting of minds to violate [the plaintiff's] constitutional rights must be shown."

12   *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989).  However, "[d]irect

13   evidence of improper motive or an agreement to violate a plaintiff's constitutional rights will only

14   rarely be available. Instead, it will almost always be necessary to infer such agreements from

15   circumstantial evidence or the existence of joint action."  *Mendocino Environmental Center v.*

16   *Mendocino Cnty.*, 192 F.3d 1283, 1302 (9th Cir. 1999).  Thus, "an agreement need not be overt,

17   and may be inferred on the basis of circumstantial evidence such as the actions of the

18   defendants."  *Id*. at 1301.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012)

19   ("Conspiracy is not itself a constitutional tort under § 1983…[i]t does not enlarge the nature of

20   the claims asserted by the plaintiff, as there must always be an underlying constitutional

21   violation") (internal citations omitted).

22          Here, Plaintiff has only proffered conclusory allegations that Defendants, his defense

23   attorney, the district attorney, and judge conspired against him to violate his constitutional rights.

24   Plaintiff has not identified an explicit agreement between two or more defendants.  Accordingly,

25   the Court must dismiss Plaintiff's conspiracy claim.

26          Similarly, Plaintiff has failed to state a cognizable RICO claim.  To state a cognizable

27   civil RICO claim, a plaintiff must allege facts showing: (1) conduct (2) of an enterprise (3)

28   through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to

1  plaintiff's business or property.  *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.,* 431

2  F.3d 353, 361 (9th Cir. 2005).  "Racketeering activity" or "predicate acts" encompass a variety of

3  criminal acts identified in 18 U.S.C. § 1961(1).  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550,

4  557 (9th Cir. 2010).  To satisfy the "pattern" requirement, there must be at least two acts of

5  racketeering activity within a ten-year period. 18 U.S.C. § 1961(5).  Here, Plaintiff has failed to

6  identify a pattern of activity.  Instead, Plaintiff's complaint solely focuses on a single event that

7  involved all three Defendants, the criminal hearing that took place on September 7, 2023.

8  Accordingly, the Court must dismiss Plaintiff's RICO claim.

9  C.  Leave to Amend Plaintiff's Complaint Would be Futile

10  The Court of Appeals has "repeatedly held that 'a district court should grant leave to

11  amend even if no request to amend the pleading was made, unless it determines that the pleading

12  could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,

13  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

14  "The decision of whether to grant leave to amend nevertheless remains within the discretion of

15  the district court," which may deny leave to amend if allowing amendment would unduly

16  prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment

17  has acted in bad faith.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

18  Here, the complaint is not only frivolous because it is rooted in a discredited ideology,

19  Plaintiff fails to allege facts sufficient to state any cognizable claim.  Defendants Judge Green and

20  Rogers are entitled to immunity.  Similarly, claims against Defendant Revelo, fail as a matter of

21  law because Revelo's actions, as Plaintiff's defense attorney, do not constitute "state action" for

22  purposes of § 1983 claims.  These defects cannot be cured by amendment.  Therefore, leave to

23  amend should be denied.

24  **Conclusion**

25  Based on the foregoing, the Undersigned HEREBY RECOMMENDS that

26  1.  Plaintiff's complaint (Doc. 1) be DISMISSED with prejudice and without leave to

27  amend; and

28  2.  The Clerk of the Court be directed to close this case.

10

1    These findings and recommendations will be submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 21 days after

3    being served with these findings and recommendations, Plaintiff may file written objections with

4    the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

5    Recommendations."  Plaintiffs are advised that failure to file objections within the specified time

6    may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir.

7    2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

8    IT IS SO ORDERED.

9    Dated:    **August 19, 2024**                    _____

10                                       UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11